UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GRAYSEN GAINE,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ARIZONA BOARD OF REGENTS,<br>ARIZONA STATE UNIVERSITY,<br><br>                    Defendants. | CIV. NO. 26-00292 LEK-WRP |

**ORDER APPROVING PLAINTIFF'S FILING THAT IS
CONSTRUED AS A NOTICE OF VOLUNTARY DISMISSAL**

On June 15, 2026, pro se Plaintiff Graysen Gaine ("Plaintiff") filed a Complaint for Violation of Title II of the Americans with Disabilities Act, Violation of Section 504 of the Rehabilitation Act, Promissory Estoppel, Misrepresentation, Declaratory Relief, Injunctive Relief, Restitution, and Damages ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] On June 25, 2026, this Court issued an order granting the Application and directing the Clerk's Office to send Plaintiff the appropriate forms necessary for the United States Marshals Service to attempt service of the Complaint. [Dkt. no. 5.]

On June 26, 2026, Plaintiff filed a document stating that he "humbly request[s] that all matters be dismissed in [this] case" ("6/26 Filing"). [Dkt. no. 9.] Because Plaintiff is

proceeding pro se, this Court must liberally construe Plaintiff's filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This Court liberally construes Plaintiff's 6/26 Filing as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

With certain exceptions that are not relevant here, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In the instant case, the defendants have not been served, and therefore neither defendant has filed an answer or a motion for summary judgment. Thus, Plaintiff may voluntarily dismiss the Complaint pursuant to Rule 41(a)(1)(A)(i). Plaintiff's 6/26 Filing, which is liberally construed as a notice of voluntary dismissal, is approved as to form. Cf. Local Rule LR41.1 ("Any dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A) shall be submitted to the trial judge for that judge to sign as 'APPROVED AS TO FORM.'" (emphasis in original)). Plaintiff's Complaint is therefore DISMISSED.

Rule 41(a)(1)(B) states: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any

federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Plaintiff's 6/26 Filing does not contain a statement indicating that the dismissal of the Complaint is with prejudice.

Further, although Plaintiff has previously filed and dismissed other actions in this district court, those actions were not based on, and did not include, the claims that Plaintiff alleges in the instant Complaint. See, e.g., Gaine v. Salavador, CV 25-00406 JAO-WRP, Verified Complaint for Violations of Civil Rights, Federal Espionage Laws, and Unlawful Foreign Agency Activity, filed 9/19/25 (dkt. no. 1); Gaine v. Park, CV 25-00407 JMS-RT, Complaint for Violation of Civil Rights (42 U.S.C. § 1983), filed 9/19/25 (dkt. no. 1); Gaine v. Bautista et al., CV 25-00436 DKW-KJM, Complaint for Violation of Civil Rights (42 U.S.C. § 1983 and § 1985; Witness Tampering 18 U.S.C. § 1512; Deprivation of Rights 18 U.S.C. § 242), filed 10/9/25 (dkt. no. 1). This Court has also reviewed the actions that Plaintiff filed in state court, and this Court has not found any that fall within the terms of Rule 41(a)(1)(B). See, e.g., Gaine v. Lithia of Honolulu, Case No. 1DSC-24-0001977 (1st Cir. Ct. Honolulu Div.), Minutes, filed 2/27/25 (dkt. no. 16) (noting that the plaintiff and the defendant reached a settlement); Gaine v. Amazon Retail, LLC, Case No. 1DSC-25-

3

0000018 (1st Cir. Ct. Honolulu Div.), Minutes, filed 2/5/25 (dkt. no. 7) (dismissing case without prejudice and noting no objection by the plaintiff).

For the foregoing reasons, the dismissal of Plaintiff's Complaint is therefore WITHOUT PREJUDICE, and Plaintiff's voluntary dismissal of the Complaint in the instant case is not an adjudication on the merits. See Fed. R. Civ. P. 41(a)(1)(B). The Clerk's Office is DIRECTED to close the case on **July 30, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 15, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**GRAYSEN GAINE VS. ARIZONA BOARD OF REGENTS, ET AL; CV 26-00292 LEK; ORDER APPROVING PLAINTIFF'S FILING THAT IS CONSTRUED AS A NOTICE OF VOLUNTARY DISMISSAL**